O

# United States District Court
# Central District of California

| | |
|---|---|
| LADELL TAYLOR, as an individual, on behalf of himself, and all persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PENSKE LOGISTICS, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02623-ODW (MRWx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS CLASS CLAIMS FROM SECOND AMENDED COMPLAINT [36]** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On October 16, 2020, Plaintiff Ladell Taylor filed this putative class action in the Los Angeles Superior Court against his former employer, Defendant Penske Logistics, LLC. (Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.) On December 18, 2020, Defendant removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, 1446, and 1453 ("CAFA"). (Notice of Removal ¶¶ 7–24.)

The parties thereafter stipulated to the filing of a First Amended Complaint, (First Stip., ECF No. 24; First Am. Compl., ECF No. 25) and a Second Amended Complaint, (Second Stip., ECF No. 30; Second Am. Compl. ("SAC"), ECF No. 32.) In the SAC,

Mr. Taylor asserts three claims, each individually and on a class-wide basis: 1) failure to timely pay all wages due and owing upon separation; 2) failure to furnish accurate itemized wage statements; and 3) failure to maintain accurate records. The putative class for the first claim includes all non-exempt California employees Penske previously employed, and the putative class for the second and third claims includes all non-exempt California employees Penske previously employed or currently employs. (SAC ¶ 32.)

Now, Penske moves to dismiss the class claims from the SAC. (Mot. Dismiss ("Mot."), ECF No. 36.) The Motion is fully briefed. (*Id.*; Opp'n, ECF No. 37; Reply, ECF No. 38.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Penske's Motion.[1]

## II. REQUEST FOR JUDICIAL NOTICE

In its Reply to Mr. Taylor's Opposition to this Motion, Penske asked the Court to take judicial notice of this Court's prior order in *Zamora v. Penske Truck Leasing Co., L.P.*, No. 2:20-cv-02503-ODW (MRWx), 2021 WL 809403 (C.D. Cal. March 3, 2021). (Reply 2.) Penske filed concurrently with its Reply a separate Request for Judicial Notice with the *Zamora* Order attached. (Req. Judicial Notice ("RJN"), ECF No. 39; Ex. A ("*Zamora* Order"), ECF No. 39-1.) Mr. Taylor filed an Opposition to Penske's RJN, (Opp'n RJN, ECF No. 41), and Penske filed a Reply to that Opposition, (Reply RJN, ECF No. 43).

The RJN and the briefing it spawned are unnecessary. Penske properly cited to *Zamora* in its moving papers. (*See, e.g.,* Mot. 1.) This was sufficient to bring the *Zamora* Order to the Court's attention, and the Court is aware of the case in issuing this Order. Accordingly, the Court **DENIES AS MOOT** Penske's Request for Judicial Notice, (ECF No. 39), and **STRIKES** the Opposition and Reply briefs filed in connection therewith, (ECF Nos. 41, 43).

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### III. OBJECTION AND MOTION TO STRIKE

At the same time Mr. Taylor objected to Penske's RJN, he filed a document styled as an "Objection to and Motion to Strike New Evidence in Reply Brief." (Obj. & Mot. Strike, ECF No. 40.) Mr. Taylor's Objection is procedurally improper under the Local Rules. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").

Mr. Taylor's objection is also substantively deficient. Mr. Taylor asks the Court to strike certain of Penske's arguments that are based on *Zamora*, arguing that Penske advanced those arguments in its Reply but failed to raise them in its moving papers. (Obj. & Mot. Strike 2.) But Penske engaged with *Zamora* extensively in its moving papers. (*See generally* Mot.) In opposition to the Motion, Mr. Taylor raised several arguments regarding why *Zamora* does not control the result of the Motion. (*See generally* Opp'n.) Penske responded to these rebuttals in an appropriate manner. (*See generally* Reply.) The Court will not strike Penske's *Zamora*-based arguments merely because Penske did not state those particular arguments verbatim in the moving papers, especially when the reply arguments fairly respond to the opposition arguments.

For these reasons, the Court **OVERRULES** and **DENIES** Mr. Taylor's Objection to and Motion to Strike the RJN. (ECF No. 40.)

### IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Under this standard, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

"complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("[Leave to amend] is properly denied . . . if amendment would be futile.").

## V. DISCUSSION

Penske moves to dismiss the class claims from the SAC on the ground that Mr. Taylor fails to allege any factual basis for the alleged class. (*See generally* Mot.)

Penske does not challenge the sufficiency of Plaintiffs' allegations insofar as they establish Mr. Taylor's individual claims; rather, Penske argues the SAC lacks a factual basis for bringing claims on behalf of every non-exempt worker Penske employed in all of California during the class period. (Mot. 1.)

As a preliminary matter, the parties dispute whether Rule 12(b)(6) procedurally permits a defendant to move to dismiss class claims. Courts in the Central District have considered class claims on a motion to dismiss and have dismissed the class claims where the allegations do not plausibly suggest the existence of a defined class. *See, e.g., Zamora*, 2021 WL 809403, at *3 (dismissing class claims where factual allegations did not plausibly suggest class-wide relief); *Mendez v. H.J Heinz Co., L.P.*, No. CV 12-5652-GHK (DTBx), 2012 WL 12888526, at *4 (C.D. Cal. Nov. 12, 2012) (same). This Court follows suit.

Substantively, Penske contends that Mr. Taylor's allegations, even taken as true, show at most that Penske is responsible for California Labor Code violations at a single Los Angeles location with respect to only those employees who drove a delivery truck like Mr. Taylor did. (Mot. 1.) Penske urges that there are no common issues and accordingly no plausible statewide class. In opposition, Mr. Taylor argues that his SAC plausibly suggests all Penske employees, regardless of the location worked, "were subject to the same and/or similar policies, procedures, practices, guidelines, and/or culture" as Mr. Taylor, supporting a class claim. (Opp'n 7; SAC ¶¶ 24–25.) For the following reasons, the Court finds for Penske on the first claim and for Mr. Taylor on the second and third claims.

**A. First Claim: Failure to Timely Pay All Wages Due and Owing Upon Separation**

Penske moves to dismiss Mr. Taylor's first class claim for failure to timely pay all wages due and owing upon separation. When an employer discharges a California employee, California Labor Code section 201(a) requires the employer to act within 72 hours of discharge to pay the employee all wages owed. The Labor Code imposes

statutory penalties on noncomplying employers, Cal. Lab. Code § 210, and up to 30 days' worth of wages as waiting time penalties for employers whose failure is willful, *Id.* § 203(a).

In this case, on July 13, 2020, Penske suspended Mr. Taylor's employment for safety violations. (SAC ¶ 48.) Thereafter, Penske told Mr. Taylor his employment was terminated and asked him to report to the workplace on July 20, 2020, to pick up his final paycheck. When he went to pick up his paycheck, Mr. Taylor spent approximately an hour speaking with his supervisor about his position, his delivery route, and his termination. Penske did not pay Mr. Taylor for this hour, and it is this unpaid hour of work that gives rise to Plaintiff's claim for failure to pay wages due upon separation. (*Id.*)

"To adequately assert class allegations, Plaintiff must allege facts that would plausibly suggest that members of the putative class are subjected to the same offending policies." *Mendez*, 2012 WL 12888526, at *4. This pleading standard derives from the commonality requirement for federal class actions. *See, e.g., Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 568 U.S. 338, 349 (2013) ("[C]ommonality [is] the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class'".)

To his case-specific factual allegations, Mr. Taylor adds a series of conclusory assertions about Penske's "policy, practice, procedure, guideline, and/or culture" of failing to pay its employees in the way Penske failed to pay Mr. Taylor for his final hour of work. (*Id.*) These are boilerplate, conclusory allegations which the Court must disregard. *Iqbal*, 556 U.S. at 664. Nothing of substance in the SAC plausibly suggests that what happened to Mr. Taylor was a pattern or a practice at Mr. Taylor's worksite, much less a pattern or practice at all of Penske's worksites nationwide and for all types of Penske employees.

Mr. Taylor offers the suggestion that Penske might have made similar decisions leading to similar results. (Opp'n 7–8.) But this suggestion only highlights the SAC's

deficiency. Mr. Taylor did not allege in the SAC that Penske actually treated any other employee in a similar way. (*See generally* SAC.) Mr. Taylor merely alleges what happened to him personally and asks the Court to extrapolate and assume, without any additional facts, that Penske treated other employees in a similar fashion. This "logical disconnect" renders the class claim subject to dismissal. *Zamora*, 2021 WL 809403, at *3; *see Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG (ANx), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) (dismissing class claims for failure to adequately plead a statewide class).

For these reasons, the Court **GRANTS** Penske's Motion as to the first claim. Nevertheless, Mr. Taylor might conceivably allege additional facts (or perhaps a different class) to cure the claim. Accordingly, the Court dismisses the first claim **with leave to amend**. *Carrico*, 656 F.3d 1002 at 1008.

**B.     Second Claim: Failure to Furnish Accurate Itemized Wage Statements**

Penske moves to dismiss Mr. Taylor's second class claim for failure to furnish accurate itemized wage statements. California Labor Code section 226(a) requires employers to furnish employees with a wage statement, typically biweekly, containing several enumerated items of information, including the applicable hourly rates and the number of hours worked. Noncomplying employers are subject to penalties calculated based on the number of employees and the number of noncompliant pay periods. Cal. Lab. Code § 226(e)(1).

Here, Mr. Taylor alleges that his Penske wage statements lacked information about his hourly rates and the number of hours he worked. (SAC ¶ 63.) He further alleges that Penske has "a single payroll department that calculates Penske Employee wages, processes Penske Employee pay checks and earning statements by using ADP's payroll software, furnishes pay checks and earning statements to all Penske Employees, and maintains Penske Employee records." (SAC ¶ 62.)

Based on these allegations, it is plausible that the wage statements Penske issues to its California employees are all of the same format. Therefore, it is also plausible

that all of Penske's California employees were subject to the "same offending polic[y]" in that their wage statements lacked the same required information. *Mendez*, 2012 WL 12888526, at *4. Accordingly, it is plausible that there exists a class of California Penske employees against whom this claim can be asserted on a class-wide basis.

Penske is unsuccessful in arguing that *Zamora* compels a different result. In *Zamora*, the claims against the employer all related to the employees' "work experiences," and the class claims failed because there was no basis to suggest that anyone beyond a particular cohort of mechanics working for a particular client had the same experiences. 2021 WL 809403 at *3. Here, the SAC contains a case-specific factual allegation that a single unified corporate wage statement practice resulted in wage statements that uniformly violated the California Labor Code. (SAC ¶ 62.) The unified practice itself is the violation; there is no separate work experience that would vary from location to location or job type to job type. Thus, Mr. Taylor's assertion of this claim on behalf of a statewide, company-wide class is plausible.

The Court **DENIES** Penske's Motion as to the second claim.

## C. Third Claim: Failure to Maintain Accurate Records

Penske moves to dismiss Mr. Taylor's third class claim for failure to maintain accurate payroll records. This claim also arises from California Labor Code section 226(a), which requires employers to keep specified employee payroll information on file for three years. Here, Mr. Taylor alleges that Penske failed to keep adequate records "because the ADP Employee Earnings Records provided to Plaintiff by Penske, upon request, are not the wage statements furnished to Plaintiff and the computer-generated record does not include the total hours worked by Plaintiff." (SAC ¶ 75.)

As with his second claim, Mr. Taylor sufficiently pleads the class-wide aspect of his third claim. The class-wide aspect of this claim is based on the same allegation regarding Penske's unified payroll system within California. (SAC ¶ 74.) Because Mr. Taylor has alleged that Penske maintains all its California payroll records on the same system, it is plausible that Penske's failures to maintain adequate payroll records for its

California employees are also uniform.  Thus, Mr. Taylor has plausibly alleged a class claim.

The Court **DENIES** Penske's Motion as to the third claim.

## VI.     CONCLUSION

In summary, the Court **DENIES AS MOOT** Penske's Request for Judicial Notice, (ECF No. 39), and **STRIKES** the Opposition and Reply briefs filed in connection therewith, (ECF Nos. 41, 43).  The Court **OVERRULES** and **DENIES** Mr. Taylor's Objection to and Motion to Strike the Request for Judicial Notice.  (ECF No. 40.)

Penske's Motion to Dismiss Class Claims from the SAC is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 36.)  The class-wide aspect of the first claim for failure to pay wages due upon separation is **DISMISSED with leave to amend**.  The Motion is otherwise denied.

If Mr. Taylor chooses to file a Third Amended Complaint ("TAC"), he must file it within **twenty-one (21) days** of today's date, in which case Penske shall answer or otherwise respond no later than **fourteen (14) days** from the date Mr. Taylor files the TAC.  If Mr. Taylor does not amend, then the dismissal herein shall convert to a dismissal with prejudice.

**IT IS SO ORDERED.**

September 20, 2021

                                        _____
                                              **OTIS D. WRIGHT, II
                                        UNITED STATES DISTRICT JUDGE**